**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Rangel Perez,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-07559-PHX-RM

**ORDER**

Self-represented Petitioner Jose Rangel Perez filed this action under 28 U.S.C. § 2241, challenging his immigration detention. (Doc. 1.) Petitioner seeks immediate release, asserting due process violations and alleging that he was previously released and was re-detained without a pre-deprivation hearing or a warrant. (*Id.*) Respondents filed a Response stating that they do not oppose the § 2241 Petition to the extent Petitioner requests a bond hearing. (Doc. 5.) The Court ordered Respondents to file a Supplemental Response because their Response did not address Petitioner's request for immediate release or provide any information concerning the status of Petitioner's immigration proceedings, whether Petitioner was previously released and then re-detained, and the circumstances under which Petitioner was detained or re-detained. (Doc. 6.)

In their Supplemental Response, Respondents state that they oppose Petitioner's request for release because Petitioner has an extensive criminal history. (Doc. 7 at 2.) Respondents submit Pima County Superior Court Minute Entries and Department of Homeland Security documents showing that Plaintiff has convictions for felony aggravated

assault with a deadly weapon, felony aggravated assault (entering a residence), and felony aggravated DUI. (Docs. 7-1, 7-2, 7-3, 7-4, 7-5.) With respect to Petitioner's "release" and "re-detention," Respondents assert that, on April 8, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner, after which he was transferred to custody of the Pima County Sheriff's Office, and then ICE re-detained Petitioner on September 18, 2026, following his release from the Arizona Department of Corrections. (Doc. 7 at 2; Doc. 7-5.) Respondents request an order that Petitioner may proceed to a bond hearing. (Id. at 3.)

The Court accepts Respondent's non-opposition to the granting of the § 2241 Petition to the extent Petitioner requests a bond hearing. Given Petitioner's criminal history and the circumstances discussed in the Supplemental Response and exhibits thereto, the Court concurs that a bond hearing is the appropriate remedy.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** as described herein.

(2) Respondents must provide Petitioner a bond redetermination hearing within **seven (7) days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

(3) Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing Petitioner a bond hearing.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 13th day of November, 2026.

Honorable Rosemary Márquez
United States District Judge